UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

PAT ALTON BURNSED,                         )
                                           )
    *Plaintiff,*                            )
                                           )
v.                                         )    4:12-cv-78
                                           )    *Judge Mattice*
LINCOLN COUNTY SHERIFF'S DEPT.             )
C.O. MIKE DAVIS, JAIL ADMINISTRATOR        )
ROBERT ROWE,                               )
                                           )
    *Defendants.*

## MEMORANDUM

Plaintiff Pat Alton Burnsed ("Plaintiff") has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff was incarcerated when he originally filed this complaint but subsequently was released. Thereafter, the Court denied Plaintiff's prisoner motion to proceed *in forma pauperis* and directed him to file a non-prisoner application to proceed *in forma pauperis* within 30 days from the Court's April 15, 2013, Order (Doc. 5).

Plaintiff was forewarned that failure to fully comply with the Order within the time required, would result in the dismissal of the case for want of prosecution. Plaintiff has failed to pay the filing fee, submit a non-prisoner *in forma pauperis* application, or file any response to the Court's April 15, 2013, Order.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("'The authority

of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff's failure to respond to the Court's April 15, 2013, Order and the Court's interest in managing the docket weigh in favor of dismissal.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (Doc. 1).

A judgment will enter.

                                              */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE